IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| John Hilaire, ) | |
| ) | |
| Petitioner/Plaintiff, ) | Case No. |
| ) | |
| VS. ) | |
| ) | |
| NATIONSTAR MORTGAGE LLC, ) | |
| (d/b/a Rightpath Servicing, db/a Rushmore Servicing, ) | |
| d/b/a Mr. Cooper; ) | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, ) | |
| (not in its individual capacity but solely as Owner ) | 42 U.S.C. §§ 1983, 1985 (3), 1986 |
| Trustee for VRMTG Asset Trust); ) | |
| MARINOSCI LAW GROUP, P.C.; ) | 18 U.S.C. § 1962 |
| BRIAN M. KISER, ESQ.; ) | |
| KELLY A. CARDEN, ESQ.; ) | DECLARATORY & INJUNCTIVE RELIEF |
| TIMOTHY J. BENNETT ) | |
| In his individual and Official Capacity as ) | |
| Connecticut State Marshall ) | |
| DOES 1–20 (Servicers, Trustees, Custodians, ) | |
| Notaries, and Agents), ) | |
| ) | |
| Defendants ) | TRIAL BY JURY DEMANDED |
| ) | |

## I. JURISDICTION & VENUE

1. This action arises under the Constitution and laws of the United States of America, including 42 U.S.C. §§ 1983, 1985(3), and 1986, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, and seeks redress for violations of federally protected rights.

2. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action presents federal questions and seeks to redress the deprivation, under

   color of state law, of rights secured by the Constitution and laws of the United States of America.

3. This Court is further authorized to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–2202 and applicable equitable principles.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events occurred within this District, and foreclosure-related proceedings at issue are located and pending here.

## II. PARTIES

5. Plaintiff is a homeowner subjected to a foreclosure prosecuted through false standing, fabricated certifications, and deceptive affidavits.

6. Defendant Nationstar Mortgage LLC acted as the loan servicer and debt collector with respect to the subject home loan.

7. Defendant U.S. Bank Trust National Association, not in its individual capacity but solely as alleged owner trustee, prosecuted foreclosure without establishing standing at filing, by and through unidentified authorized agents, officers, and employees whose identities are known to Defendants and unknown to Plaintiff…"

8. Defendant Marinosci Law Group, P.C. is a law firm that represented the foreclosing party in the state court proceedings. Defendants Brian M. Kiser, Esq. and Kelly A. Carden, Esq. are attorneys associated with Marinosci Law Group, P.C. who appeared in the foreclosure action.

9. Defendant Timothy J. Bennett is a Connecticut State Marshal who, at all relevant times, acted under color of state law in connection with service of process and enforcement-related functions in the underlying foreclosure proceedings. Defendant Bennett is sued in his individual capacity and in his official capacity as a Connecticut State Marshal.

10. Defendants DOES 1–20 are individuals or entities whose identities are presently unknown to Plaintiff and who participated in the preparation, execution, notarization, custody, or transmission of documents or enforcement-related acts connected to the foreclosure proceedings.

## III. LEGAL BACKGROUND

Upon an astute observation of the procedure to purchase the property there was fraud in the factum. An intentional perversion of the truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. Which is a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury. *Brainard Dispatch Newspaper Co. v. Crow Wing County, 196 Minn,. 194, 264 N.W. 779, 780.*

Fraud is a generic term, embracing all multifarious means which human ingenuity can devise, and which are resorted to by one individual to get advantage over another by false suggestions or by suppression of truth, and includes all surprise, tricks, cunning, dissembling, and any unfair way by which another is cheated. *Johnson v. McDonald, 170 Okl. 117, 39 P.2d 150.*

"Bad faith" and "fraud" are synonymous, and also synonyms of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc. *Joiner v. Joiner, Tex.Civ.app., 87 S.W. 2d 903, 914, 915.* As to what constitutes fraud, see Am. Jur. 2d, Fraud and Deceit §1.

The home was in Petitioner's name first before the lien was put on the title. Upon an observation of Black's Law 5th Edition page 844, a loan is a sum of money upon agreement. At no time of the transaction to purchase the property was there an exchange of any sum of money to Petitioner.

At the time of the transaction, there was fraud in the inducement in connection with the underlying transaction and not with the nature of the contract or document signed. Defendant gave Petitioner a doctrine of unclean hands. *Shondel v. McDermott, C.A. Ind.775 F. $2^d$ 859, 868.* At all times relevant to this matter Petitioner is entitled to a remedy.

The contract was unconstitutional and void on its face, which is void ab initio. Which has no legal force or binding effect; unable in law to support the purpose for which it was intended for. *Hardison v. Gledhill, 72 Ga. App. 432, 33 S.E.2D 921, 924.*

The contract is one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other. *Hume v. U.S., 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 393.*

A lawful consideration must exist and be tendered to support the Note. *Anheuser –Busch Brewing Co. v. Emma Mason, 44 Minn. 318, 46. N.W. 558.*

The Federal Reserve & National Banks exercise an exclusive monopoly and privilege of creating credit and issuing their Notes at the expense of the public which does not receive a fair equivalent. No rights can be acquired by fraud. See *Craig v. Mo. 4 Peters reports 912.*

Courts can only tread only that path which is marked out by duty. See *Credit River Decision Judge Martin V. Mahoney* The Credit River Decision has never been overturned.

The right to a remedy should be enforced or the violation of a right should be prevented, redressed, or compensated. *Long Leaf Lumber, inc. v. Svolos, La. App.,* 258 So.2d 121, 124. When exhibits are attached to a complaint the contents of the exhibits control over the allegations of the complaint. *Hunt Ridge at Tall Pines, Inc. v. Hall 766 So. 2d 399-Fla. Dist. court of Appeal, 2nd Dist. 2000.*

When a legal right is violated to the injury of another a right of action is created, and the injured party may put in motion the law of remedy against the wrongdoer. *Vasu v. Kohlers, Inc., 145 Ohio St. 321, 30 Ohio Op, 542, 61 N.E.2d 707, 166 A.L.R. 855 (1945)* The Ohio Constitution expresses the fundamental principle that whenever there is a right there is a remedy in the provision: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or

reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay" *Ohio Const. Art.1* § 1, 2, 7, & 11.

## IV. FACTUAL ALLEGATIONS

### A. Standing and Chain of Title Fraud

Defendants commenced foreclosure while misrepresenting that the plaintiff in state court was the lawful holder of the Note. The alleged allonge/endorsement was not proven to be firmly affixed, contemporaneous, or accompanied by an affidavit of possession.

Under U.C.C. §§ 3-201, 3-203, 3-301, a foreclosing party must be a holder or no holder in possession with rights of a holder at the time of filing.

Standing cannot be cured post-filing. *Fed. Home Loan Mtg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13 (2012)

### B. False Certifications of Conditions Precedent (HUD/FHA)

The loan is FHA-insured, imposing mandatory pre-foreclosure requirements, including loss mitigation and a face-to-face meeting. 24 C.F.R. § 203.604.

Defendants certified "all conditions precedent" without pleading or proving HUD compliance.

Noncompliance bars foreclosure. *Wells Fargo Bank, N.A. v. Cook*, 87 A.3d 468 (Conn. App. Ct. 2014).

### C. RESPA & FDCPA Misconduct

Defendants failed to properly investigate billing disputes and misapplied payments in violation of 12 U.S.C. § 2605 and 12 C.F.R. Part 1024.

Foreclosure counsel pursued collection during the validation period, violating 15 U.S.C. § 1692g(b).

### D. Robo-Signed and False Affidavits

Defendants submitted affidavits of debt, standing, and attorney's fees without personal knowledge, containing false material statements. Such conduct constitutes fraud on the court. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

### E. State Action / Joint Participation

By invoking judicial machinery through knowingly false filings to obtain property, Defendants acted under color of state law. *Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Dennis v. Sparks, 449 U.S. 24 (1980).*

### F. Pattern Enterprise (RICO)

Defendants formed an enterprise affecting interstate commerce to obtain foreclosure judgments through mail and wire fraud. Predicate acts include mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343), false assignments, affidavits, and notices transmitted to courts and borrowers.

The enterprise conducted its affairs through a pattern of racketeering activity, causing concrete financial loss to Plaintiff. 18 U.S.C. §§ 1961–1962.

### G. Misprision of Felony (Pleading Fact, Not Private Cause)

Defendants had knowledge of material fraud on the court and concealed it while continuing prosecution. Plaintiff pleads misprision of felony, 18 U.S.C. § 4, as evidence of concealment and intent, not as a standalone private cause of action.

### H. State Court Suppression of Lawful Affirmation and Denial of the Right to Be Heard

The State, through its judicial officers, conditioned the right to be heard on a religious act (swearing an oath), despite statutory authorization of affirmation, and then adjudicated property rights while suppressing lawful objections.

### I. Procedural Suppression of Pending Filings and Improper Service

The State, through its judicial officers and procedural mechanisms, proceeded with party substitution and foreclosure adjudication while a pending Petition to Reargue and objections to improper service were neither calendared nor heard, relying on email-only service despite the defendant's express non-consent.

## V. CAUSES OF ACTION

**COUNT I - 42 U.S.C. § 1983 (Procedural Due Process – Deprivation of Property and Access to the Courts)**

1. Plaintiff realleges and incorporates by reference all preceding paragraphs, including Sections "H" and "I", as if fully set forth herein.
2. The Fourteenth Amendment to the United States Constitution guarantees that no person shall be deprived of property without due process of law, including meaningful notice and an opportunity to be heard at a meaningful time and in a meaningful manner.
3. At all relevant times, the foreclosure proceedings at issue involved the exercise of state authority through judicial officers, court-controlled procedures, and enforcement mechanisms affecting Plaintiff's property interests.
4. As set forth in Section "H", Plaintiff was denied the ability to be heard during a foreclosure hearing after offering a lawful affirmation in lieu of a sworn oath, notwithstanding statutory authorization permitting such affirmation.
5. As set forth in Section "I", Plaintiff timely filed a Petition to Reargue and objections challenging improper service and party substitution, which were neither calendared nor heard prior to the continuation of foreclosure-related proceedings affecting Plaintiff's property rights.
6. The denial of Plaintiff's ability to be heard, the failure to address pending filings, and the continuation of proceedings while objections remained unresolved constituted a deprivation of procedural due process.
7. Defendants Nationstar Mortgage LLC, U.S. Bank Trust National Association, and their counsel invoked and benefited from state judicial processes that operated to suppress Plaintiff's participation and objections, while seeking and obtaining rulings affecting Plaintiff's property.
8. Through joint participation with state judicial mechanisms, including the processing, denial, and enforcement of foreclosure-related motions, Defendants acted under color of state law within the meaning of 42 U.S.C. § 1983.
9. The deprivation of Plaintiff's procedural rights was ongoing, as enforcement of foreclosure orders and related actions continued notwithstanding the unresolved procedural defects and suppression of Plaintiff's participation.
10. As a direct and proximate result of Defendants' conduct under color of state law, Plaintiff suffered the loss of constitutionally protected procedural rights, risk of wrongful deprivation of property, financial harm, and irreparable injury for which there is no adequate remedy at law.

## COUNT II - 42 U.S.C. § 1985(3) (Civil Conspiracy)

11. Plaintiff realleges and incorporates by reference all preceding paragraphs, including Sections **H** and **I**, as if fully set forth herein.
12. Defendants knowingly entered into an agreement and acted in concert to interfere with Plaintiff's equal access to judicial process and procedural protections in foreclosure proceedings affecting his property rights.
13. In furtherance of this conspiracy, Defendants employed false, misleading, or unsupported documents and certifications, including but not limited to standing representations, affidavits, and conditions precedent certifications, as instrumental means to advance foreclosure proceedings while preventing meaningful adversarial testing of those assertions.
14. As a direct and proximate result of Defendants' concerted actions, Plaintiff was deprived of the full and equal benefit of lawful judicial process, suffered interference with his ability to contest material assertions affecting his property, and incurred injury to constitutionally protected interests.
15. Plaintiff seeks declaratory and narrowly tailored injunctive relief under this Count to prevent further coordinated interference with protected procedural rights and equal access to the courts, and does not seek damages under this Count to the extent the Court determines such relief would be duplicative of other claims.

## COUNT III – 42 U.S.C. § 1986 (Neglect to Prevent Conspiracy to Interfere with Civil Rights)

16. Plaintiff realleges and incorporates by reference all preceding paragraphs, including Count II (42 U.S.C. § 1985(3)), as if fully set forth herein.
17. Certain Defendants, including supervisory, institutional, or managerial defendants, had actual knowledge of the conspiracy described in Count II through court filings, notices, objections, and proceedings in which the coordinated conduct was raised and placed on the record.
18. At all relevant times, these Defendants possessed the power and authority to prevent or aid in preventing the continuation of the conspiratorial conduct, including the ability to halt, correct, or refrain from advancing foreclosure-related actions while procedural objections and challenges remained unresolved.

19. Despite such knowledge and authority, these Defendants neglected or refused to exercise reasonable measures to prevent the continuation of the conspiracy and the resulting interference with Plaintiff's protected procedural rights.
20. As a direct and proximate result of this neglect, Plaintiff suffered continued deprivation of equal access to judicial process, exposure to enforcement actions, and injury to constitutionally protected interests.

## COUNT IV – Civil RICO (18 U.S.C. § 1962(c) & (d))

21. Plaintiff realleges and incorporates by reference the factual allegations set forth above, including Sections III.A through III.I, as if fully set forth herein.
22. Defendants constituted an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4), the members of which shared a common purpose, relationships, and longevity sufficient to pursue the enterprise's objectives, including the prosecution of foreclosure actions through false or misleading standing representations, certifications, and affidavits.
23. Defendants conducted and participated, directly and indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c), including repeated acts of mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.
24. Predicate acts included, but were not limited to, the transmission of false or misleading documents, notices, affidavits, certifications, and communications through the mails and interstate wires in connection with foreclosure proceedings and related enforcement actions.
25. Defendants further conspired to conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d).
26. As a direct and proximate result of Defendants' racketeering conduct, Plaintiff suffered injury to property and business interests, including exposure to foreclosure enforcement, loss of procedural rights, legal expenses, and clouded title.

## COUNT V – Fraud on the Court (Federal Common Law / Rule 60(d)(3) Principles)

27. Plaintiff realleges and incorporates by reference the factual allegations set forth above relating to the submission, reliance upon, and procedural insulation of false or misleading filings, affidavits, and certifications in judicial proceedings.

28. Defendants knowingly submitted, relied upon, and advanced materially false or misleading documents and representations in foreclosure-related judicial proceedings, including standing assertions, conditions-precedent certifications, and affidavits purporting to be based on personal knowledge.

29. Defendants' conduct was calculated to, and did, interfere with the integrity of the judicial process by preventing meaningful adversarial testing of material facts through procedural suppression, unresolved objections, and the advancement of proceedings despite known defects.

30. Such conduct constituted a fraud upon the court by corrupting the judicial machinery itself, impairing the court's ability to function impartially, and undermining the integrity of proceedings affecting Plaintiff's property interests.

## COUNT VI – Declaratory & Injunctive Relief (28 U.S.C. §§ 2201–2202; Equitable Relief)

31. Plaintiff realleges and incorporates by reference the factual allegations and substantive claims set forth above.

32. An actual, ongoing controversy exists between the parties concerning Defendants' authority to continue enforcing foreclosure-related actions and orders obtained through conduct alleged herein to violate federal statutory and constitutional protections.

33. Plaintiff seeks declaratory relief to clarify the rights and legal relations of the parties, including the legality of Defendants' conduct, representations, and enforcement actions.

34. Plaintiff further seeks preliminary and permanent injunctive relief to prevent Defendants from continuing to enforce, rely upon, or benefit from foreclosure-related actions obtained or advanced through the unlawful conduct described herein.

35. Plaintiff has no adequate remedy at law, and absent injunctive relief will continue to suffer irreparable harm, including loss of property interests, deprivation of constitutional rights, and ongoing exposure to unlawful enforcement.

## VI. DAMAGES & RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

### A. Declaratory Relief

A declaration pursuant to 28 U.S.C. §§ 2201–2202 that Defendants' conduct, representations, and enforcement actions described herein violated Plaintiff's rights under federal law, including but not limited to 42 U.S.C. §§ 1983, 1985(3), 1986, and 18 U.S.C. § 1962, and that any claimed right, title, interest, or authority asserted by Defendants in Plaintiff's property arising from such conduct is void and without legal effect.

### B. Injunctive Relief

Preliminary and permanent injunctive relief enjoining Defendants, their agents, attorneys, servicers, and successors from continuing to enforce, rely upon, or benefit from foreclosure related actions, orders, that violates Plaintiff's federally protected rights.

### C. Compensatory Damages

An award of compensatory damages in an amount to be determined at trial for actual losses, out-of-pocket expenses, emotional distress, loss of property interests, legal expenses, and other injuries proximately caused by Defendants' unlawful conduct. Plaintiff seeks damages in excess of $3,000,000, exclusive of interest, costs, and attorneys' fees, subject to proof at trial.

### D. RICO Damages

An award of treble damages pursuant to 18 U.S.C. § 1964(c) for injuries to Plaintiff's property and business interests resulting from Defendants' racketeering activity.

### E. Punitive Damages

An award of punitive damages against appropriate Defendants for willful, wanton, malicious, or reckless disregard of Plaintiff's federally protected rights, where authorized by law.

### F. Attorneys' Fees and Costs

An award of reasonable attorneys' fees, expert fees, and costs pursuant to 42 U.S.C. § 1988, 18 U.S.C. § 1964(c), and other applicable provisions of law.

### G. Such Other and Further Relief

Such other, further, and additional relief, legal or equitable, as this Court deems just and proper, including but not limited to equitable relief necessary to prevent ongoing violations of federal law.

# AFFIDAVIT OF FACTS

State of **Connecticut**)

) : ss

County of **Fairfield**)

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT

**"In deed, no more than (affidavit) is necessary to make the prima facie case."** United States v. Kis, 658 F.2nd, and 526 (7th Cir, 1981) Cert Denied, 50 U.S.L.W. 2169; U.S.L.W. March 22, 1982.
I, John Hilaire being of sound mind and over the age of twenty-one being first duly sworn under the penalty or perjury. Certify on unlimited commercial liability that, the contents are of my own firsthand knowledge. Affiant does solemnly affirm, depose, say and declare; that affiant has personal knowledge and belief of the facts stated herein. That I, John Hilaire, is competent to state the matter set forth herein; that I have personal knowledge and belief of the facts stated herein; and all facts stated herein are true, correct, and complete, nor misleading, the truth, the whole truth, and nothing but the truth.

1. I, **John Hilaire**, states that all statements, exhibit, law, and facts are true and correct.

**An Affidavit unrebutted stands as Truth.**

Affidavit uncontested unrebutted unanswered *[United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982]* "Allegations in affidavit in support of motion must be considered as true in absence of counter-affidavit." *[Group v Finletter, 108 F. Supp. 327 Federal case of Group v Finletter, 108 F. Supp. 327]* "Indeed, no more than affidavits is necessary to make the prima facie case." *[United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.SL. W. 2169; S. Ct. March 22, 1982]* AFFIDAVIT.

A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. *Cox v. Stern, 170 Ill. 442, 48 N.E. 906, 62 Am.St.Rep. 385; Hays v. Loomis, 84 Ill.* 18. A statement or

administer an oath or affirmation. *Shelton v. Berry, 19 Tex. 154, 70 Am.Dec. 326, and In re Breidt, 84 N.J.Eq. 222, 94 A. 214, 216.affidavit uncontested unrebutted unanswered – [United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S.Ct. March 22, 1982 1982]* "Indeed, no more than affidavits is necessary to make the prima facie case." *[United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981); Cert. Denied, 50 U.S. L. W. 2169; S. Ct. March 22, 1982]* affidavit uncontested unrebutted unanswered *Morris v National Cash Register, 44 S.W. 2d 433 Morris v National Cash Register, 44 S.W. 2d 433,* clearly states at point #4 that "uncontested allegations in affidavit must be accepted as true." Affidavit uncontested unrebutted unanswered *Morris vs. NCR, 44 SW2d 433 Morris v National Cash Register, 44 SW2d 433:* "An Affidavit if not contested in a timely manner is considered undisputed facts as a matter of law." Non-Rebutted Affidavits are "Prima Facie Evidence in the Case,-- *"United States vs. Kis, 658 F.2d, 526, 536-337 (7th Cir. 1981);"*Indeed, no more than (Affidavits) is necessary to make the Prima Facie Case." - Cert Denied, *50 U.S. L.W. 2169; S.Ct. March 22, 1982."* Uncontested Affidavit taken as true in support of Summary Judgment." – *Seitzer v. Seitzer, 80 Cal. Rptr. 688"*

Uncontested Affidavit taken as true in Opposition of Summary Judgment." – *Melorich Builders The SUPERIOR COURT v. of San Bernardino County (Serbia) 207 Cal.Rptr. 47 (Cal.App.4 Dist. 1984)* "Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking behavior… This sort of deception will not be tolerated and if this is routine it should be corrected immediately." – *U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.*

    **WHEREFORE UPON** I, John Hilaire, I was not personally served with a summons in the foreclosure action by a state marshal or any other authorized process server, giving me the right to oppose actions in the court.

                                                                                                                                                                   _____ Autograph

                                                                                                                                                                John R. Hilaire

## ACKNOWLEDGEMENT

State of Connecticut)

       ) Scilicet                                                                               Seal;

County Fairfield)

### JURAT

**ACKNOWLEDGED BEFORE ME** this 29 day of January, A.D. 2026, by **John Hilaire**, who personally appeared before me and acknowledged that he executed the foregoing instrument for the purposes therein contained.

_____

**Signature of Notary Public**                       My commission expires:

PIERRE J BELIZAIRE
Notary Public, State of Connecticut
My Commission Expires June 30, 2026

## VII. VERIFICATION

I, John Hilaire, the claimant in the above entitled action, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint against all named defendants, and all attached Exhibits are true, and that I will verify the same in open court.

Executed this 29th day of January, 2026.

_____
By: John Hilaire

85 Victory Avenue, Bridgeport, Connecticut 06606-3022-852

STATE OF ____CT____   COUNTY OF ____Fairfield____

Subscribed before me this 29 day of January, 2026, by John Hilaire, known to me (or satisfactorily proven) to be the man whose name is subscribed to the foregoing instrument.

_____
Notary Public                                    My Commission Expires

PIERRE J BELIZAIRE
Notary Public, State of Connecticut
My Commission Expires June 30, 2026